27-CV-19-14774

Filed in District Court
State of Minnesota
8/30/2019 5:17 PM

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Civil |

PAUL GESTACH,

    Plaintiff,

Case No.: _____

v.

**SUMMONS**

AUTO BUTLER, INC.,

    Defendant.

---

THIS SUMMONS IS DIRECTED TO **AUTO BUTLER, INC.**

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

        Johnson Becker, PLLC

        Attn: Jennell K. Shannon

        444 Cedar Street, Suite 1800

        St. Paul, Minnesota 55101

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_/s/ Jennell Shannon_
_____
Jennell K. Shannon

08/30/2019
_____
Dated

Jennell K. Shannon
Jennell K. Shannon
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Civil |

PAUL GESTACH,

    Plaintiff,

v.

AUTO BUTLER, INC.,

    Defendant.

Case No.: _____

**COMPLAINT FOR DAMAGES**

**JURY TRIAL DEMANDED**

Plaintiff, PAUL GESTACH ("Gestach" or "Plaintiff") by and through the undersigned attorneys, brings this Complaint against Defendant, AUTO BUTLER, INC. d/b/a "Broadway Equipment," "Broadway Equipment Company" and/or "Broadway Car Wash Equipment," ("Broadway" or "Defendant"), states as follows:

## INTRODUCTION

1. This Complaint is brought by Plaintiff to recover for Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Minnesota Fair Labor Standards Act ("MFLSA"), Minn. Stat. §§ 177.21, *et seq.*, California's Labor Code, specifically §§ 510 and 512, and other appropriate rules, regulations, statutes, and ordinances. Specifically, Defendant failed to compensate Plaintiff at the overtime premium rate for all hours worked over 40 in one workweek, as required under the FLSA, MFLSA, and California's Labor Code.

2. Broadway is a car wash design, manufacturing and supply company located in Minneapolis, Minnesota. Broadway describes itself as a "true, factory-direct, single-source supplier for the entire wash system, accountable for the sales, service and support of everything we provide." *See Design and Manufacturing*, Broadway Car Wash Equipment,

1

https://broadwayequipment.com/manufacturing/ (last visited August 30, 2019). Specifically, Broadway designs car washes, manufactures them, transports them to the buyer or "customer's" site, and assembles and installs the car wash for the customer.

3. Defendant employed Plaintiff as a Driver and Installer from December 8, 2008 until July 30, 2019. Plaintiff was employed full-time at the rate of $22.25 per hour. Plaintiff's job was to transport the car wash to Defendant's customer, install the car wash, and remove the old car wash, if needed. As part of his job Plaintiff occasionally performed work in California.

4. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant. Plaintiff was not compensated at the overtime premium rate of one and one-half times his standard rate of pay for any hours worked in excess of forty (40) in one workweek, as required by the FLSA and MFLSA.

5. Plaintiff routinely worked in excess of eight (8) hours per workday for Defendant while he performed work in California. Plaintiff was not compensated at the overtime premium rate of one and one-half times his standard rate of pay for any hours worked in excess of eight (8) in one day, as required by California's Labor Code.

6. The U.S. Department of Labor specifically condemns an employer's nonpayment of overtime: "Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay." *See* U.S. Department of Labor, DOL Fact Sheet #23 at 1, available at https://www.dol.gov/whd/regs/compliance/whdfs23.pdf.

7. The State of Minnesota equally condemns nonpayment of overtime. The purpose of the MFLSA is to "safeguard existing minimum wage and overtime compensation standards that maintain workers' health, efficiency, and general well-being against the unfair competition and

2

wage and hour standards that do not . . . ." Minn. Stat. § 177.22.

8. California likewise requires employers to pay employees overtime, as well as compensate employees for regular breaks, for the purpose of "promot[ing] and develop[ing] the welfare of the wage earners in California, to improve their working conditions and to advance their opportunities for profitable employment." *The Laws Relating to the Time, Manner, and Payment of Wages*, State of California Department of Industrial Relations, Division of Labor Standards Enforcement 2, *available at* https://www.dir.ca.gov/dlse/lawstimemannerpaymentwages.pdf (last visited August 30, 2019).

9. Plaintiff brings this action on behalf of himself to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Defendant pursuant to Minn. Stat. § 484.01 subd. 1(1) because this lawsuit is a civil action and Defendant is based, resides, and conducts business in Minnesota.

11. Hennepin County is the proper venue pursuant to Minn. Stat. § 542.09 as the Defendant resides in Hennepin County. Further, Hennepin County is the proper venue pursuant to Minn. Stat. § 542.08 because the acts and/or omissions giving rise to the claims herein occurred within Hennepin County.

12. Further, this Court has jurisdiction over Defendant pursuant to Minn. Stat. § 177.27, subd. 9, because Plaintiff alleges the violations of the MFLSA to have been committed within the State of Minnesota and Hennepin County, and further Defendant maintains its principal place of business within Hennepin County.

3

## PARTIES

13.     Paul Gestach is an individual who resides in the city of Edina, county of Hennepin, Minnesota. Gestach was employed by Defendant as a Driver and Installer from December 8, 2008 until July 30, 2019. Plaintiff's Consent to Sue is attached hereto as Exhibit 1.

14.     Defendant Auto Butler Inc. is a Minnesota company doing business as "Broadway Equipment," "Broadway Equipment Company" and/or "Broadway Car Wash."[1] According to its website, www.broadwayequipment.com, Broadway's principal place of business is located at 4701 Humboldt Avenue North, Minneapolis, MN 55430. Defendant has no Registered Agent, but can be served at its Registered Office Address, 4701 Humboldt Avenue North, Minneapolis, MN 55430.

## GENERAL ALLEGATIONS

15.     Plaintiff was hired on or around December 8, 2008, as a Driver and Installer for Defendant.

16.     Plaintiff's primary duties as a Driver and Installer included transporting car washes to Defendant's customers via truck, unloading the truck, but primarily Plaintiff was responsible for installing the car wash and equipment, removing the old car wash (if needed), before he transported the equipment back to Broadway's place of business.

17.     Although Plaintiff drove Defendant's car washes to the locations of Defendant's various customers, the vast majority of Plaintiff's time was spent on-site at the customer's location installing and disassembling car washes.

18.     At all relevant times Plaintiff was a W-2 employee and paid an hourly rate of $22.25 per hour. At all relevant times Plaintiff was a non-exempt employee.

---

[1] While Defendant does business under all three names, Defendant has not legally registered or maintained a "legal" d/b/a for "Broadway Car Wash" or "Broadway Equipment" since 2015.

4

19. Despite his status as a non-exempt employee, Plaintiff was never paid at the overtime premium rate for all hours worked in excess of forty (40) in one workweek.

20. The FLSA provides that:

No employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

21. The MFLSA provides:

No employer shall employ an employee for a workweek longer than 48 hours, unless the employee receives compensation for employment in excess of 48 hours in a workweek at a rate of at least 1-1/2 times the regular rate at which the employee is employed.

Minn. Stat. § 177.25, subd. 1.

22. Additionally, California's Labor Code requires that employers compensate employees at an overtime premium rate of one and one-half times the employee's standard rate of pay for all hours worked in excess of eight (8) hours in one day, all hours worked over forty (40) in one workweek, and all hours worked on the seventh day of any workweek. Cal. Labor Code § 510(a). California's Labor Code requires employers to compensate employees at two times their standard rate of pay for any hours worked in excess of twelve (12) in one workday. *See id.*

23. California's Labor Code requires employers to provide employees with regular rest or meal breaks. Cal. Labor Code § 512(a). If the employer fails to provide the employee with rest or meal break, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code § 226.7, subd. c.

24. At all times relevant to this Complaint, Defendant suffered or permitted Plaintiff to

5

routinely perform work in excess of forty (40) hours per week, forty-eight (48) per week, or eight (8) hours per day (for work performed in California) without compensating Plaintiff at the federal and state-required overtime rates.

25. Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid at Plaintiff's overtime premium rate for all hours worked in excess of forty (40) hours per week, forty-eight (48) per week, or eight (8) hours per day (for work performed in California).

26. Despite this, Defendant failed to pay Plaintiff at the federal and state mandated overtime premium rates.

27. Defendant willfully, or in reckless disregard, engaged, adopted and then adhered to its policy and practice of withholding overtime pay from Plaintiff. This policy resulted in Plaintiff not being paid correctly, in violation of the FLSA, MFLSA, and/or California Labor Code.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

28. Plaintiff re-alleges and incorporates all previous paragraphs herein.

29. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

30. Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, thus the FLSA applies in this case on an enterprise basis. *See* 29 U.S.C. § 203(s)(1)(A).

31. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce and therefore, he is also covered by the FLSA on an individual basis.

32. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

6

33. Plaintiff's position is not exempt from the FLSA.

34. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

35. The FLSA requires an employer to pay employees the federally-mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

36. Defendant violated the FLSA by failing to pay Plaintiff the federally-mandated overtime premium for all hours worked in excess of forty (40) hours per workweek.

37. Upon information and belief, Defendant has policies and practices of evading overtime pay for its hourly workers for all compensable time worked.

38. Upon information and belief, Defendant's violations of the FLSA were knowing and willful.

39. By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for Plaintiff's work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

41. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by the FLSA.

## COUNT II
## VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT,

Filed in District Court
State of Minnesota
8/30/2019 5:17 PM

## MINN. STAT. §§ 177.21, *et seq.*, FAILURE TO PAY OVERTIME WAGES

42.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

43.  At all times relevant to this action, Defendant was an "employer" under the MFLSA, *see* Minn. Stat. § 177.23, subd. 6, subject to the provisions of the MFLSA, Minn. Stat. §§ 177.21, *et seq.*

44.  At all times relevant to this action, Plaintiff was an "employee" of Defendant. See Minn. Stat. § 177.23, subd. 7.

45.  Plaintiff's position is not exempt from the MFLSA.

46.  At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the MFLSA. *See* Minn. Stat. § 177.23, subd. 5.

47.  The MFLSA requires an employer to pay employees an overtime premium rate of one and one-half times the employee's regular rate of pay for every hour worked in excess of forty-eight (48) hours in one workweek. Minn. Stat. § 177.25, subd. 1.

48.  Plaintiff regularly worked in excess of forty-eight (48) hours per workweek.

49.  Defendant failed to pay Plaintiff at the statutorily-required overtime premium rate for any hours worked in excess of forty-eight (48) hours in one workweek, violating the provisions of the MFLSA.

50.  Upon information and belief, Defendant has policies and practices of evading overtime pay for its hourly workers for all compensable time worked.

51.  Upon information and belief, Defendant's violations of the FLSA were knowing and willful.

52.  By failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for Plaintiff's work performed in excess of forty hours in a workweek,

Defendant has violated the MFLSA, specifically, Minn. Stat. § 177.25, subd. 1.

53. The MFLSA provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees. *See* Minn. Stat. § 177.27, subds. 8, 10.

54. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by the MFLSA.

## COUNT III
## VIOLATION OF CALIFORNIA LABOR CODE § 510, and IWC WAGE ORDER NO. 9, FAILURE TO PAY OVERTIME WAGES

55. Plaintiff re-alleges and incorporates all previous paragraphs herein.

56. At all times while Plaintiff performed work for Defendant within the State of California, Plaintiff was an "employee" and Defendant was an "employer" under California's Labor Code.

57. Cal. Labor Code § 510 provides:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and on-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of any employee.

Cal. Labor Code § 510(a).

58. Industrial Welfare Commission Wage Order No. 9 provides that all employees engaged in the transportation industry are entitled to the same overtime pay provisions as those set forth in Cal. Labor Code § 510. *See* IWC Wage Order No. 9 (2018) at 3–4, available at https://www.dir.ca.gov/IWC/IWCArticle9.pdf.

9

59. Thus, at all relevant times, in addition to the FLSA, Defendant was required to compensate Plaintiff at an overtime rate of one and one-half times his regular rate of pay for all hours worked in excess of eight (8) hours per day and forty (40) hours in one workweek under the Cal. Labor Code and IWC Wage Order No. 9 for all of Plaintiff's work performed in California.

60. Plaintiff worked in excess of eight (8) hours in one workday, and forty (40) hours in one workweek while employed by Defendant and performing work within the State of California. Plaintiff should have been compensated at the rate of one and one-half times his standard rate of pay for all hours worked in excess of eight hours in one workday, and 40 hours in one workweek, but he was not.

61. Plaintiff additionally occasionally worked in excess of 12 hours in one day and/or worked on the seventh day of a workweek, but was not compensated at twice his regular rate for hours worked over 12 hours in one day, nor was he compensated at the rate of one and one-half his standard rate of pay for hours worked on the seventh day of a workweek, as required by Cal. Labor Code § 510.

62. Cal. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a).

63. Defendant is thus liable to Plaintiff for Plaintiff's unpaid overtime premiums in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by Cal. Labor Code § 1194(a).

**COUNT IV**
**VIOLATION OF CALIFORNIA LABOR CODE § 512 and IWC WAGE ORDER NO. 9,**

## FAILURE TO PROVIDE REST, MEAL, OR RECOVERY PERIOD BREAKS

64. Plaintiff re-alleges and incorporates all previous paragraphs herein.

65. At all times while Plaintiff performed work for Defendant within the State of California, Plaintiff was an "employee" and Defendant was an "employer" under California's Labor Code.

66. Cal. Labor Code § 512 directs that "[a]n employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent . . . ." Cal. Labor Code. § 512(a). Cal. Labor Code. § 512 also provides that "[a]n employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent . . . ." *Id.*

67. Industrial Welfare Commission Wage Order No. 9 provides that all employees engaged in the transportation industry are entitled to the same meal, rest, and recovery period provisions as those set forth in Cal. Labor Code § 512. *See* IWC Wage Order No. 9 (2018) at 7–8, available at https://www.dir.ca.gov/IWC/IWCArticle9.pdf.

68. Where the employer fails to provide the employee with a meal, rest, or recovery period, "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided." Cal. Labor Code. § 226.7, subd. c.

69. Cal. Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

11

compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Cal. Labor Code § 1194(a).

70. When Plaintiff travelled to California and installed car washes for Defendant's customers located within the State of California, Plaintiff regularly worked in excess of five hours per day, and regularly worked in excess of ten hours per day, without rest, meal, or recovery period breaks.

71. Plaintiff did not waive his right to rest, meal, or recovery period breaks.

72. Defendant is thus liable to Plaintiff for Plaintiff's foregone meal, rest, or recovery period breaks in an amount to be determined at trial, in addition to interest, reasonable attorney's fees, and costs of suit as provided by Cal. Labor Code § 1194(a).

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

a. Declaring that Defendant violated its obligations under the FLSA;

b. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

c. Declaring that Defendant violated its obligations under the MFLSA;

d. Declaring that Defendant willfully violated the MFLSA and its attendant regulations as set forth above;

e. Declaring that Defendant violated its obligations under the California Labor Code;

f. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 40 hours per week for the past three years as owed under the FLSA;

g. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 48 hours per week for the past three years as owed under the MFLSA;

h. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 8 hours per day, 40 hours per week, or any hours worked by Plaintiff on the seventh day of the workweek for the past three years as owed under the California Labor Code;

i. Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one (1) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of 12 hours per day, for the past three years as owed under the California Labor Code;

j. Granting judgment in favor of Plaintiff and against Defendant and awarding statutory damages for Defendant's violations of Cal. Labor Code § 512 for failure to provide meal, rest, or recovery breaks for the past three years as owed under the California Labor Code;

k. Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff; and awarding Plaintiff and the Class members all other available compensatory damages available by law;

l. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

m. Awarding pre- and post-judgment interest to Plaintiff on these damages;

n. Awarding all legal and equitable relief to Plaintiff under the FLSA; and

o. Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: August 30, 2019

JOHNSON BECKER, PLLC

*/s/ Jennell K. Shannon*

Jennell K. Shannon (MN Bar No. 0398672)
444 Cedar Street, Suite 1800
Saint Paul, Minnesota
Telephone: (612) 436-1800
Fax: (612) 436-1801
jshannon@johnsonbecker.com

*Counsel for Plaintiff*

13

Filed in District Court
State of Minnesota
8/30/2019 5:17 PM

## MINN. STAT. § 549.211 ACKNOWLEDGEMENT

The undersigned acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

Dated: 8/30/2019                                      Respectfully Submitted,

/s/ Jennell K. Shannon
Jennell K. Shannon

Filed in District Court
State of Minnesota
8/30/2019 5:17 PM

# EXHIBIT 1

27-CV-19-14774

Filed in District Court
State of Minnesota
8/30/2019 5:17 PM

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Civil |

PAUL GESTACH,

    Plaintiff,

Case No.: _____

v.

**CONSENT TO SUE**

AUTO BUTLER, INC.,

    Defendant.

1. I understand that this lawsuit asserts claims under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and concerns Auto Butler, Inc. ("Defendant")'s alleged failure to pay overtime wages to me.

2. I represent that Defendant employed me as a Driver and Installer in the last three years and did not pay me all of my overtime premiums owed for my hours worked in excess of 40 per workweek.

3. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), I hereby consent to sue.

4. I agree to be bound by any adjudication or court rulings in the lawsuit, whether favorable or unfavorable.

5. I hereby designate Johnson Becker, PLLC to represent me in this lawsuit.

Signature: *Paul Gestach (Aug 29, 2019)*

Print Name: Paul Gestach

Date: 8/29/2019

1